TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Hernando Alberto Heredia,<br><br>                    Plaintiff,<br><br>          v.<br><br>United States of America *ex rel.* United States Postal Service,<br><br>                    Defendants. | Case No. 2:22-cv-01846-RFB-DJA<br><br>**Motion For Relief from Requirement That Person with Settlement Authority Attend Settlement Conference**<br><br>**ECF No. 39.** |

I.      **Introduction**

A settlement conference is scheduled in this case for March 30, 2026, at 10:00 a.m. before United States Magistrate Daniel J. Albregts. The order setting a settlement conference requires a government representative with final settlement authority to attend the conference. ECF No. 39. For the reasons argued below, Federal Defendants respectfully request that the Court authorize Assistant United States Attorney ("AUSA") Nathan M. Claus to participate in the settlement conference in person as the sole representative for the government, with a representative from the agency and agency counsel appearing by telephone if needed. Counsel for Plaintiff, Christian Miles, was contacted and has advised that he has no objection to Federal Defendants' request.

//

//

**II.    Points and Authorities**

The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at the Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix. There is not an insurance carrier for this matter.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012). The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations. Recommendations (through the respective DOJ and client agency chains of command) regarding any settlement proposal in this case will originate with the undersigned AUSA and assigned agency counsel. Mr. Sweetin has been involved in these discussions and is aware of all the facts.

Based on the reasons and circumstances above, the Federal Defendant respectfully requests exception from the Order's requirements of personal attendance by a representative with binding settlement authority up to the full amount of the claims. In lieu of such requirements, AUSA Claus would personally attend the settlement conference,

while an agency representative and counsel can be available by phone or audiovisual means (if so provided).

## III.    Conclusion

Based on the reasons and circumstances above, the Federal Defendants respectfully request that the Court grant this motion to allow AUSA Claus to personally attend and participate in the Settlement Conference, with an agency representative and agency counsel available by phone, in lieu of the personal attendance requirements otherwise set forth in the Order, ECF No. 39.

Respectfully submitted this 23rd day of March 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

 /s/ Nathan M. Claus
NATHAN M. CLAUS
Assistant United States Attorney

IT IS THEREFORE ORDERED that the Federal Defendants' motion (ECF No. 47) is GRANTED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 24, 2026

3